**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENYATTA LATCHISON, | No. 09-16340 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-00370-FCD-CHS |
| v. | |
| T. FELKER, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior United States District Judge, Presiding

Argued and Submitted May 13, 2010
San Francisco, California

Before: REINHARDT, W. FLETCHER and N.R. SMITH, Circuit Judges.


Kenyatta Latchison appeals the district court's denial of his petition for a

writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28

U.S.C. §§ 1291 and 2253. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Latchison was convicted of second-degree murder and assault on a child causing death. He argues that two of the prosecutor's comments during closing arguments constituted prosecutorial misconduct, and that his trial counsel provided ineffective assistance by failing to object to one of the comments.

The prosecutor's first comment addressed the burden of proof only indirectly, the jury was properly instructed, and the prosecutor's prior and subsequent statements correctly set forth the burden of proof. Accordingly, Latchison cannot show that the remark "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (citation omitted). For the same reasons, he cannot show that "there is a reasonable probability that, but for counsel's [failure to object to the remark,] the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

The state court construed the prosecutor's second comment as a permissible attack on the credibility of a defense witness. Because that decision was not an unreasonable application of *Darden v. Wainwright*, 477 U.S. 168 (1986), Latchison is not entitled to federal habeas relief. *See* 28 U.S.C. § 2254(d)(1).

**AFFIRMED.**